UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:  Case No. 10-23851

JULIA H. BASSETT,  Chapter 7

      Debtor.  Honorable Daniel S. Opperman
_____/

OPINION REGARDING: (1) DEBTOR'S OBJECTIONS TO CLAIM NOS. 6 THROUGH 24; AND (2) TRUSTEE'S OBJECTION TO AMENDED SCHEDULES E AND F

Factual Background

This matter is before the Court on the objection to Proof of Claim Numbers 6 through 24 filed by Debtor, through Next Friend Lawrence Bassett ("Next Friend"). The Proofs of Claim at issue were filed by the Chapter 7 Trustee Daniel Himmelspach ("Trustee"). Also before the Court is the Trustee's objection to Amended Schedules E and F filed by Debtor through the Next Friend.

Debtor filed this Chapter 7 bankruptcy on October 10, 2010. After receiving a Chapter 7 discharge on January 18, 2011, Debtor's case was closed as a no asset case on January 21, 2011. This case was reopened on July 27, 2016, upon the Trustee's motion. The Trustee sought the reopening of this case to administer an asset of the estate, namely Debtor's entitlement to a transvaginal mesh settlement not previously disclosed in Debtor's Schedules. Debtor did amend her Schedules A, B and C on September 22, 2016, to list the transvaginal mesh lawsuit with an unknown amount on Schedule B, and exempted such an Amended Schedule C under 11 U.S.C. § 522(d)(5) in the amount of $4,766.00, and in unknown amounts under 11 U.S.C. § 522(d)(11)(D) and (E). Debtor also amended Schedules I and J, by signing such on January 24, 2017, which

1

amendments were thereafter filed on February 9, 2017. Debtor passed away on February 4, 2017, and through ex parte motion filed by Debtor's counsel on April 5, 2017, the Next Friend was appointed.

On September 21, 2017, the Trustee filed Proofs of Claim 6 through 24, based upon Debtor's original Schedules E and F, which had not been amended up to that date. The Trustee utilized the creditor name, information and amounts owed as stated by Debtor on her Schedules. On October 17, 2017, the Next Friend filed Amended Schedules E and F, amending the amounts owed to creditors corresponding to Claim Numbers 6 through 24 only, to change the amounts to "UNKNOWN." The Next Friend also filed objections to Claim Numbers 6 through 24, asserting that the Trustee cannot sign a proof of claim as to amount and as an authorized agent of these creditors without independent knowledge as to these claims. The Next Friend argues that the Trustee violates his fiduciary duty by filing these claims without the required support. Finally, the Next Friend argues that these claims are time barred because they were filed more than six years beyond the Michigan statute of limitations for such types of breach of contract claims.

The Trustee responds, arguing that the Next Friend, stepping into the position of Debtor, lacks standing to object to these claims because this is not a surplus estate, and there is no possibility of a surplus estate. According to the Trustee's calculations, a negative estate exists by about $17,359.00, after the Debtor's exemption, fees, costs, and allowed Claim Numbers 1 through 5 are paid. The Trustee further states that he filed Claim Numbers 6 through 24 pursuant to his power to do so under 11 U.S.C. § 501(c) and based such upon Debtor's Schedules E and F, which were specific in identity and amount, and signed under penalty of perjury by Debtor. The Trustee asserts that the bankruptcy and the nondisclosure of this estate asset tolls any statute of limitations.

The Trustee ultimately settled the transvaginal mesh lawsuit for the gross amount of $185,000.00, as approved by this Court by Order dated March 5, 2018. After payment of special

litigation counsel's fees and costs of $74,425.80, as approved by this Court by separate Order dated March 5, 2018, the net total to be paid to the bankruptcy estate is $89,599.86.[1]

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and § 157 (b)(2)(B) (allowance or disallowance of claims against the estate).

## Relevant Law

A. Standing to Object to Claims

A Chapter 7 debtor usually does not have standing to object to a proof of claim because a Chapter 7 debtor is not impacted by whether claims are paid by a trustee and in what amount. *See In re Dinoto*, 576 B.R. 835, 838 (Bankr. E.D. Mich. 2017). Unless the debtor can demonstrate there "is a reasonable possibility" of a surplus entitling the debtor to any distribution from the estate, there can be no standing. *Id*. (citations omitted).

B. Filing and Effect of Proofs of Claims

Rule 3001(f) states:

> *(f) Evidentiary Effect. A proof of claim executed and filed in accordance* with these rules shall constitute prima facie evidence of the validity and amount of the claim.

The Claim must still set forth facts necessary to support the claim and be in the proper form. Fed. R. Bankr. P. 3001(a). A noted bankruptcy treatise, Collier on Bankruptcy, states that the "proof of claim must be in writing; set forth the creditor's claim; be executed by the creditor or an authorized agent; attach writings on which a claim, or an interest in the debtor's property that secures the claim, is based; and attach documents evidencing perfection of any security interest.". Collier on Bankruptcy, ¶ 3001.09 (Alan N. Resnick & Henry J. Sommer eds.,16th ed.

---

1. The March 5, 2018 Order Authorizing the Trustee to Pay from Settlement Proceeds Fees and Expenses for Special Litigation Counsel recites a net amount of $89,599.83, which appears to be an error.

2010).

The objecting party to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. The objection must have probative force equal to the contents of the claim. *In re Unimet Corp.*, 74 B.R. 156 (Bankr. N.D. Ohio 1987). The objecting party's burden is by a preponderance of the evidence. *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696 (5th Cir. 1988). More than a mere unsubstantiated objection to form is required. *Garner v. Shier (In re Garner)*, 246 B.R. 617, 623 (9th Cir. B.A.P. 2000). If the objecting party produces evidence to refute at least one of the allegations essential to the legal sufficiency of the claim, the burden of persuasion shifts back to the claimant. *In re Hughes*, 313 B.R. 205 (Bankr. E.D. Mich. 2004).

Pursuant to 11 U.S.C. § 501, a Trustee has the ability to file a late claim. Section 501(c) states:

> (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

C. <u>Statute of Limitations</u>

The claims at issue are civil account stated/contract causes of action, and are subject to the applicable Michigan statute of limitations, which is M.C.L.A. § 600.5807, and which states, in part:

> No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action withing the periods of time prescribed by this section.
> * * * *
> (8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract.

Statutes of limitations are subject to tolling under certain circumstances. The doctrine of equitable tolling allows for the suspension of the time period for a party to take action, during

such time period the party was unable to act. The doctrine of equitable tolling "'allows a claim to be filed outside of the applicable statute of limitations where some action on the defendant's part makes it such that the plaintiff is unaware that the cause of action exists.'" *Tidewater Fin. Co. v. Williams (In re Williams)*, 333 B.R. 68, 71 (Bankr. D. Md. 2005) (quoting *Barr v. Charterhouse Group Int'l, Inc. (In re Everfresh Beverages, Inc.)*, 238 B.R. 558, 576 (Bankr. S.D.N.Y. 1999)).

D. <u>Ability to Amend Exemptions and Right to Object Thereto</u>

A debtor has the general right to amend a schedule "as a matter of course at any time before the case is closed." FED. R. BANKR. P. 1009; *In re Daniels*, 270 B.R. 417 (Bankr. E.D. Mich. 2001). However, the debtor must give notice to the trustee and any other party affected by the amendment so they may have an opportunity to object. A party in interest must object to an amendment within 30 days after the amendment is filed. Fed. R. Bankr. P. 4003(b).

<u>Analysis and Conclusion</u>

The Trustee's standing argument is sound. The Trustee's calculation as to the amount remaining after payment of the Debtor's allowed exemptions, fees, costs, and allowed Claims 1 through 5 including interest, results in a negative estate. The calculation originally estimated by the Trustee as the net settlement proceeds is less than a dollar different per the Court's recent March 5, 2018 Order calculating the final net amount. The Next Friend, acting on behalf of the Debtor, does not stand to benefit from the allowance or disallowance of these claims.

Even if the Next Friend did have standing, the Next Friend has not sufficiently rebutted the prima facie validity of the subject claims. The Next Friend has based his objection to these claims on the Trustee lacking knowledge as to the identity of claimants and amounts. The Trustee filed Proofs of Claim 6 through 24 based upon the Debtor's original Schedules E and F. First, Section 501(c) clearly gives the Trustee the authority to file these claims when the creditor

does not timely file such.  Second, the claims filed by the Trustee are based off "facts necessary to support the claim."  Debtor's original Schedules E and F listed these creditors and amounts owed to creditors.  These Schedules were sworn under penalty of perjury as the truth by Debtor.  The Trustee, having no other information to take a contrary position, utilized this information and the Debtor did not amend these Schedules, but only Schedules B and C.  Presumably, if Schedules E and F were in error, Debtor would have corrected these Schedules at the same time.  Having not done so, but when ample opportunity existed to do so, the Court must accept Schedules E and F as correct.  The claims are, thus, to be given prima facie validity as to creditor and amount.  At the December 7, 2017 hearing, the Next Friend conceded that he cannot rebut the prima facie validity of these claims through offer of proof or otherwise.

Finally, the Court rejects the Next Friend's argument that these claims should be disallowed based upon the statute of limitations expiring prior to the filing of such on September 21, 2017.  Any expiration of the six-year statute of limitations was equitably tolled during the pendency of this bankruptcy, which is a time period defined as running from the bankruptcy filing on October 15, 2010, through September 21, 2017, when the claims at issue were filed.  Equity requires that the tolling began with the bankruptcy filing because the transvaginal mesh claim was undisclosed, and the Trustee filed a "no asset" report mailed to all creditors instructing them to <u>not</u> file a proof of claim. To disallow these claims now based upon that directive and based upon facts unknown to the Trustee five and one-half years prior would be inequitable.

Based upon the foregoing, the Court concludes that the Next Friend's objections to Claim Numbers 6 through 24 are overruled for lack of standing.  And even if the Next Friend did have standing, the Trustee has the right to file the subject Proofs of Claim pursuant to Section 501(c),

and that the filing of such is not barred by any statute of limitations. The Court further concludes that these claims filed by the Trustee are prima facie valid on their face, and the Debtor, through the Next Friend, has not introduced any evidence to rebut the presumption of validity. Because the Amended Schedules E and F filed by the Next Friend were based upon the statute of limitations argument, which the Court rejects, the Court sustains the Trustee's objection to Amended Exemptions E and F.

The Trustee is directed to prepare and submit an appropriate Order.

**Signed on March 23, 2018**

/s/ Daniel S. Opperman
**Daniel S. Opperman
United States Bankruptcy Judge**